UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Hernandez-Palacio,<br><br>                     Petitioner,<br><br>v.<br><br>Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pam BONDI, U.S. Attorney General; Todd LYONS, Acting Director, Immigration and Customs Enforcement; JOSEPH FREDEN, Acting Field Office Director, U.S. Immigration & Customs Enforcement (ICE), CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Facility; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>                     Respondents. | Case No.: 26cv0889-GPC(DEB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On February 12, 2025, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from custody, or in the alternative, order a constitutionally adequate bond hearing. (Dkt. No. 1, Pet.) Respondents file a return on February 17, 2026. (Dkt. No. 3.) Based on the reasoning below, the Court GRANTS in part the petition for writ of habeas corpus.

## Background

Petitioner Daniel Hernandez-Palacio, a Mexican national, entered the United States without inspection around May 4, 1991, departed in 1993 and returned shortly thereafter and has continuously remained in the United States. (Dkt. No. 1, Pet. ¶¶ 17, 47.) He has lived in the United States for more than three decades, attended Santa Ana High School and worked in construction and carpentry. (*Id.* ¶¶ 20, 51.) He is married, and has two United States adult citizen children. (*Id.* ¶¶ 19; 50.) The family resides together and depends on him for financial and household support. (*Id.* ¶¶ 19, 50.) He files taxes and has established deep family, community and employment ties in the United States. (*Id.* ¶¶ 19, 20.) He has never been deported and has no prior removal orders. (*Id.* ¶¶ 4, 51.) He has two prior DUI convictions in Moreno Valley in 2017 and 2023 but they do not rise to the level of disqualifying criminal history for purposes of discretionary bond nor do they indicate a flight risk or danger to the community. (*Id.* ¶ 52.) Petitioner was detained on January 29, 2026 in Chula Vista, while engaged in routine daily activities and is now in removal proceedings and held in custody without bond. (*Id.* ¶ 54.)

Petitioner claims his detention violates the Immigration and Nationality Act ("INA"), the Administrative Procedures Act, and the due process clause of the Fifth Amendment. (*Id.* ¶¶ 59-81.) He requests a writ of habeas corpus ordering Respondents to release Petitioner immediately from custody, or, in the alternative, order a constitutionally adequate bond hearing before a neutral decisionmaker at which the Government must justify her continued detention by clear and convincing evidence. (*Id.* at p. 23.)

In response to the order to show cause, Respondents acknowledge that pursuant to *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d --, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), *amended and superseded by reconsideration by* –F. Supp. 3d--, 2025 WL 3713987 (Dec. 18, 2025), Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a court ordered bond hearing. (Dkt. No. 3 at 2.[1]) As such, the Court grants the petition in part. To the extent Petitioner requests release, such a request is premature. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Petitioner. *See* 8 U.S.C. § 1226(a).

Accordingly, the Court GRANTS in part the petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten (10) days of this Order.[2] Respondents are **ORDERED** to **FILE** a Notice of Compliance within ten days of providing Petitioner with a bond hearing. The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

Dated: February 17, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Page numbers are based on the CM/ECF pagination.
[2] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees. (Dkt. No. 1 at 23.) Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.